# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 00-60275

(Summary Calendar)
_____

GARY LEE; AMANDA LEE,

Plaintiffs - Appellants,

versus

E I DUPONT DE NEMOURS & COMPANY,

Defendant - Appellee.

Appeal from the United States District Court
For the Southern District of Mississippi

October 31, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Gary Lee, an employee of independent contractor Brown & Root, was injured when he fell from a scaffold he was disassembling in a DuPont facility in Mississippi. He brought suit against DuPont, claiming strict liability, breach of implied warranties, and negligence based on a theory of premises liability. His wife, Amanda Lee, joined him and claimed loss of consortium. In an initial grant of summary judgment, the district court dismissed most of the Lees' claims, but left open the

issue of premises liability, allowing for the possibility that the Lees might show that DuPont retained *de facto* (as opposed to contractual) control over the scaffold, and that the scaffold proved to be defective, causing injury to Lee. On a subsequent motion for summary judgment, the district court again ruled in favor of DuPont, finding no genuine issues of material fact as to DuPont's *de facto* control, no evidence of the alleged defect in the scaffold at the time it was turned over to Brown & Root, nor any facts that would have put DuPont on notice of any dangerous condition in the scaffold. We affirm.

Gary Lee was disassembling a scaffold inside a chlorinator at DuPont's DeLisle facility when he kicked up a piece of grating that was not adequately secured to a support structure, fell off the scaffold, and injured himself. At the time of the accident, Lee was an employee of Brown & Root. Brown & Root had contracted to perform routinely scaffolding construction for DuPont, assuming responsibility for, *inter alia*, (1) "the employment, control, and conduct of its employees and for the injury of such employee or employees," (2) "moving...the materials...and equipment delivered to the job site," and acknowledging that (3) "it is familiar with the nature and location of the authorized work and has ascertained the general and local conditions bearing on the performance of such work."

These contractual provisions notwithstanding, the Lees assert that DuPont's *de facto* control over the scaffold supports their cause of action against DuPont for negligence. They argue that DuPont's ownership of the custom-made scaffold, DuPont's authority to audit the work on the scaffold, DuPont's requirement that all contractors comply with its safety regulations, DuPont's investigation following the accident, DuPont's suspension of use of the scaffold until the investigation was complete, and DuPont's remedial measures following the

accident all point to this *de facto* control over the scaffold. The district court disagreed, finding no genuine issues of material fact to support the Lees' claims.

We review the decision of the district court *de novo*, applying the same standard that guided the district court's determination. *See, e.g., McKee v. Brimmer*, 39 F.3d 94, 96 (5th Cir. 1994). Summary judgment is properly granted when the court determines that there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We review the evidence in the light most favorable to the nonmoving party, the Lees. *See McKee*, 39 F.3d at 96. Because this is a Mississippi-based diversity action, we look to the substantive law of Mississippi to determine whether such genuine issues of material fact exist. *See id.*

Mississippi insulates owners (DuPont) from liability in suits by a contractor's workers (Lee) where the "right and fact of control of the premises and the nature and detail of the work" has been delegated to the contractor (Brown & Root), and the "injuries arose out of or were intimately connected with the work." *Magee v. Transcontinental Gas Pipeline Corp.*, 551 So.2d 182, 185 (Miss. 1989). This protection is not available, however, if the owner has retained a substantial "right of control over the performance of that aspect of the work that has given rise to the injury." *Id* at 186. To determine how the right of control has been divided between owner and contractor, we look first to the contract itself. *See id.* Here, the district court held as a matter of law that contractual control over the scaffold was delegated to Brown & Root, and granted summary judgment in favor of DuPont on this issue. This ruling has not been appealed.

We look second to the level of *de facto* control retained by the owner. Specifically, the plaintiff must show that "the owner maintained substantial de facto control over those features of

-3-

the work out of which the injury arose," such that premise owner liability is nevertheless justified. *Id.* The Lees advance several arguments to support this showing of *de facto* control.

First, the Lees point to perhaps the most obvious aspect of *de facto* control, DuPont's ownership of the scaffold. It is commonsensible that ownership indicates a certain amount of control, but the very concept of insulation from premise owner liability undermines the argument that ownership alone is sufficient to establish control. Second, the Lees assert that DuPont's safety regulations and reserved right to audit Brown & Root's work creates the requisite *de facto* control. This argument also fails because Mississippi courts have explicitly found that the right to conduct periodic inspections is not dispositive evidence of *de facto* control. *See Magee*, 551 So.2d at 185-86; *see also Warden v. E.I. Du Pont De Mours*, Civ. A. No. 90-0289 (1991 WL 13777), Jan. 28, 1991 (E.D. La. 1991) ("Du Pont's contractual authority, whether exercised or not, to inspect the job site and suspend work for safety violations does not amount to actual control.").

Finally, the Lees highlight the remedial measures taken by DuPont since the accident as evidence of *de facto* control at the time of the accident. Mississippi does generally permit evidence of subsequent remedial measures as relevant to the issue of past control. *See Sumrall v. Mississippi Power Co.*, 693 So.2d 359, 365 (Miss. 1997). It is unclear, however, whether in this context such remedial evidence would be sufficient on its own to establish *de facto* control. *See, e.g., W.J. Runyon & Son, Inc. v. Davis*, 605 So.2d 38, 46 (Miss. 1992), *overruled on other grounds by Richardson v. APAC-Mississippi, Inc.*, 631 So.2d 143 (Miss. 1994) (lamenting the lack of a "precise formula" for determining whether control exists).

We need not decide this question of Mississippi law, however, because even assuming that

*de facto* control existed, DuPont is still insulated from suit because of the "intimately connected" exception to premise owner liability. As we recently recognized in *Stokes v. Emerson Electric Co.*, 217 F.3d 353 (5th Cir. 2000), Mississippi carves out an exception to the possibility of premise owner liability where "the contractor's employees were injured while engaged directly in labor that was dedicated exclusively to the contractors' jobs and in the areas where those jobs must be performed." *Stokes v. Emerson Electric Co.*, 217 F.3d 353, 358 (5th Cir. 2000), *citing Jones v. James Reeves Contractors, Inc.*, 701 So.2d 774 (Miss. 1997). The intimately connected exception is appropriately applied to the facts of this case. Gary Lee was undisputedly engaged directly in labor (disassembling the scaffold) that was dedicated exclusively to Brown & Root's jobs (scaffolding construction) and in the area where the job had to be performed (the chlorinator). Under these circumstances, the intimately connected exception charges the contractor "with constructive knowledge of defects closely related to the project for which he has been hired." *Stokes*, 217 F.3d at 358.

Gary Lee, himself a heavy equipment operator with apparently limited experience with scaffolding, was unfortunately placed in a situation where exercise of this imputed knowledge was critical. But for the reasons explained, the Lees' recourse cannot be against DuPont. AFFIRMED.